1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   STEVE SPURLOCK, VICKIE SPURLOCK,          CASE NO. 09CV2273-MMA (JMA)
     and KAP CA, LLC, as Trustee,
12                                             **ORDER GRANTING**
                                 Plaintiff,    **DEFENDANTS' MOTIONS TO**
13          vs.                                **DISMISS**;

14                                             [Doc. Nos. 44, 49, 50]

15   CARRINGTON MORTGAGE SERVICES,             **DENYING PLAINTIFFS'**
     INC., DEUTSCHE BANK NATIONAL              **MOTIONS TO STRIKE**
16   TRUST COMPANY, as Trustee,
     ATLANTIC & PACIFIC FORECLOSURE            [Doc. No. 54, 58]
17   SERVICES, LLC, as Trustee, QUICKEN
     LOANS, INC., MORTGAGE ELECTRONIC
18   REGISTRATION SYSTEMS, INC.,
     OCWEN LOAN SERVICING, LLC, HSBC
19   BANK USA, N.A., as Trustee, and Does 1-5,

20                                 Defendants.

21          Defendants Carrington Mortgage Services, Deutsche Bank National Trust Company, Atlantic

22   and Pacific Foreclosure, LLC, Quicken Loans, Mortgage Electronic Registration Systems, Inc.

23   ("MERS"), Ocwen Loan Servicing, and HSBC Bank USA, N.A. (collectively "Defendants"), bring

24   motions to dismiss Plaintiffs' Second Amended Complaint ("SAC"). (Doc. Nos. 44, 49, 50.) Plaintiffs

25   Steve and Vickie Spurlock and KAP CA, LLC (collectively "Plaintiffs") oppose the motions. (Doc.

26   Nos. 53, 57, 59.) Plaintiffs also move to strike portions of Defendants' requests for judicial notice.

27   (Doc. Nos. 54, 58.) The Court, in its discretion, finds the matter suitable for resolution without oral

28   argument. *See* S.D. Civ. L.R. 7.1(d)(1). For the reasons set forth below, the Court **GRANTS**

Defendants' motions to dismiss and **DENIES** Plaintiffs' motions to strike.

**BACKGROUND**

This action arises from foreclosure-related events with respect to Plaintiffs' home. On June 29, 2000, Plaintiffs financed the purchase of property, located at 442 Parkside Drive, Oceanside, California, with a loan in the amount of $108,120.00. (*Carrington's Request for Judicial Notice ("RJN")* [Doc. No. 44], Ex. 1.)[1] Thereafter, the Spurlocks refinanced their loan for $131,000.00. (*Id.*, Ex. 2.) In April 2003, the Spurlocks again refinanced the property for $175,500.00. (*Id.*, Ex. 3.) In August 2004, the Spurlocks took out a second loan on the property in the amount of $45,000.00. (*Id.*, Ex. 4.) The Spurlocks then refinanced their first loan in the amount of $249,600.00. (*SAC* [Doc. No. 39], Ex. B.) Finally, the Spurlocks refinanced their second loan for $48,750.00. (*Id.*, Ex. E.) Plaintiffs subsequently defaulted on their first loan, and a Notice of Default was recorded on April 30, 2009. (*Id.*, Ex. H.) On August 5, 2009, a Notice of Trustee's Sale was recorded. (*Id.*, Ex. K.) On August 15, 2009, the Spurlocks transferred title to the property to KAP CA, LLC pursuant to a Grant Deed, which was recorded on August 28, 2009. (*Id.*, Ex. L.) The subject property was sold in a trustee's sale on September 8, 2009, which was recorded on September 10, 2009. (*Id.*, Ex. M.)

On October 14, 2009, Plaintiffs filed this action against Defendants.[2] On March 29, 2010, Plaintiffs filed their SAC alleging the following causes of action: (1) equitable wrongful foreclosure; (2) cancellation of trustee's deed for the First and Second Trust Deeds; (3) quiet title pursuant to California Code of Civil Procedure § 760.010 et seq.; (4) violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692e; (5) violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. and Regulation Z, 12 C.F.R. § 226 et seq.; (6) violations of California Business and Professions Code § 17200 et seq.; (7) violation of California Civil Code § 789.3; (9) violation of California Civil Code § 1940.2; (8) fraud in the inducement; (9) breach of fiduciary duty; and (10) declaratory relief pursuant to 28 U.S.C. § 2201. (Doc. No. 39.) On April 20, 2010, Defendants Atlantic

---

[1]Plaintiffs move to strike the Defendants' requests for judicial notice. (Doc. Nos. 54, 58.) Because Defendants' requests satisfy the standards set forth in Fed. R. Evid. 201, the Court finds good cause to **GRANT** the requests for judicial notice. Accordingly, the Court **DENIES** Plaintiffs' motions to strike.

[2] The jurisdiction of the District Court is predicated upon a federal question. *See* 29 U.S.C. § 1331.

1   and Pacific Foreclosure, LLC, Carrington Mortgage and Deutsche Bank National Trust Company

2   moved to dismiss the SAC pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 44.) On

3   May 12, 2010, Defendant Quicken Loans, Inc. also moved to dismiss the SAC. (Doc. No. 49.) Finally,

4   on May 14, 2010, Defendants HSBC Bank, USA, N.A., MERS, and Ocwen Loan Servicing, LLC

5   moved to dismiss the SAC. (Doc. No. 50.) In addition to opposing the motions, Plaintiffs moved to

6   strike portions of Defendants' requests for judicial notice. (Doc. Nos. 54, 58.)

7                                              **LEGAL STANDARD**

8            A complaint survives a motion to dismiss if it contains "enough facts to state a claim to relief

9   that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court reviews

10  the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable

11  inferences in favor of the nonmoving party. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

12  Notwithstanding this deference, the reviewing court need not accept "legal conclusions" as true.

13  *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009). Moreover, it is improper for a court to

14  assume "the [plaintiff] can prove facts that [he or she] has not alleged." *Associated General*

15  *Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

16  Accordingly, a reviewing court may begin "by identifying pleadings that, because they are no more

17  than conclusions, are not entitled to the assumption of truth." *Ashcroft*, *supra*, 129 S. Ct. at 1950.

18          "When there are well-pleaded factual allegations, a court should assume their veracity and then

19  determine whether they plausibly give rise to an entitlement to relief." *Id.* A claim has "facial

20  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

21  inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. "The plausibility

22  standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a

23  defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with'

24  a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to

25  relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557).

26  ///

27  ///

28  ///

1

## DISCUSSION

2      While Defendants move to dismiss each cause of action for failure to state a claim,

3   Carrington Mortgage, Deutsche Bank, and Atlantic and Pacific Foreclosure argue that the Court

4   should dismiss all of Plaintiffs' claims because Plaintiffs have not tendered the full amount of their

5   outstanding obligation. (*Carrington's Motion to Dismiss* at 3:17–15:5.) The Court, however, finds

6   this argument without merit because not all of Plaintiffs' claims require tender as a prerequisite to

7   relief. Accordingly, the Court shall address tender, where appropriate, as well as the merits of each

8   claim in turn.

9   **I.      Equitable Wrongful Foreclosure**

10      Plaintiffs' claims for equitable wrongful foreclosure, cancellation of trustee's deed for the

11   First and Second Trust Deeds, and quiet title pursuant to California Code of Civil Procedure §

12   760.010 et seq. are all based on Defendants' alleged failure to comply with California non-judicial

13   foreclosure procedures. Specifically, Plaintiffs allege that Defendants failed to adhere to statutory

14   requirements set forth in Cal. Civ. Code § 2924 *et seq.*, § 2923.5, and § 2923.6. Defendants move

15   to dismiss these claims because Plaintiffs have failed to tender the amount owed.

16          *a.      Tender*

17      It is well established under California law that a "valid and viable" tender of payment for

18   the debt owed is essential to an action to cancel a sale under a deed of trust. *Karlsen v. American*

19   *Sav. & Loan Assn.*, 15 Cal. App. 3d 112, 117 (1971); *see also Copsey v. Sacramento Bank*, 133

20   Cal. 659, 662 (Cal. 1901) ("an action to set aside the sale, unaccompanied by an offer to redeem,

21   would not state a cause of action which a court of equity would recognize.") An offer to tender is

22   "an offer to pay the full amount of the debt for which the property was security." *Arnolds*

23   *ManagementCorp. v. Eischen*, 158 Cal. App. 3d 575, 578 (1984). In addition, "[A] mortgagor

24   cannot quiet his title against the mortgagee without paying the debt secured." *Shimpones v.*

25   *Stickney*, 219 Cal. 637, 649 (1934). "The rationale behind the rule is that if plaintiffs could not

26   have redeemed the property had the sale procedures been proper, any irregularities in the sale did

27   not result in damages to the plaintiffs." *FPCI RE-HAB 01 v. E & G Investments, Ltd.*, 207 Cal.

28   App. 3d 1018, 1021 (1989).

1    Here, Plaintiffs assert that they tendered the reasonable value of the property, but that

2  Defendants rejected the offer. As an initial matter, Plaintiffs fail to offer any on-point legal

3  authority for their assertion that an offer to pay the reasonable value of the property is a sufficient

4  tender under facts similar to those in the case at bar.[3] Furthermore, Plaintiffs' claim that they made

5  a tender offer appears to be based on the alleged short sale offer they presented. Plaintiffs have

6  provided no legal support for their position that a short sale offer is sufficient. Because Plaintiffs

7  have not alleged or demonstrated that they have tendered or are capable of tendering the debt

8  owed, the Court **DISMISSES** Plaintiff's claims for wrongful eviction, cancellation of the trustee's

9  deeds, and quiet title.

10    *b.    Cal. Civ. Code § 2923.6*

11    Embedded within Plaintiff's complaint are references to purported violations of Cal. Civ.

12  Code § 2923.6. Defendants argue that § 2923.6 does not create a private right of action for

13  borrowers. The Court agrees. Civil Code § 2923.6 provides:

14    (a) The Legislature finds and declares that any duty servicers may have to maximize
      net present value under their pooling and servicing agreements is owed to all parties

15    in a loan pool, not to any particular parties, and that a servicer acts in the best interests
      of all parties if it agrees to or implements a loan modification or workout plan for

16    which both of the following apply: (1) The loan is in payment default, or payment
      default is reasonably foreseeable. (2) Anticipated recovery under the loan modification

17    or workout plan exceeds the anticipated recovery through foreclosure on a net present
      value basis. (b) It is the intent of the Legislature that the mortgagee, beneficiary, or

18    authorized agent offer the borrower a loan modification or workout plan if such a
      modification or plan is consistent with its contractual or other authority.

19

20  As other courts have found, the permissive language of this provision does not provide a private

21  cause of action. *See Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1188 (N.D.

22  Cal. 2009) ("The Court finds that the wording in Section (b) does not impose any duty on

23  Defendants. Since Defendants do not owe Plaintiff a statutory duty under this section, Plaintiff has

24  no cause of action."). Accordingly, because there is no private cause of action under Cal. Civil

25  Code § 2923.6, the Court **DISMISSES** this claim **with prejudice**.

26  ///

27  _____

28    [3]Plaintiffs' reliance on language set forth in TILA, 15 U.S.C. § 1635(b), is without merit
      because the causes of action for wrongful foreclosure, cancellation of trust deeds, and quiet title, are
      brought under California law, not TILA.

1   **II.**     **Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692e**

2        Plaintiff asserts violations of the Federal FDCPA against MERS, Deutsche, and Quicken.

3 Defendants move to dismiss the claim on grounds that they are not debt collectors as defined by

4 the FDCPA, and foreclosure activity conducted pursuant to a deed of trust does not constitue debt

5 collection within the meaning of the FDCPA.

6        The declared purpose of the FDCPA is to "eliminate abusive debt collection practices by

7 debt collectors . . . and to promote consistent state action to protect consumers against debt

8 collection abuses." 15 U.S.C. § 1692. The FDCPA defines "debt" as "any obligation or alleged

9 obligation of a consumer to pay money arising out of a transaction in which the money, property,

10 insurance, or services which are the subject of the transaction are primarily for personal, family, or

11 household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. §

12 1692a(5). It is well-established that the activity of foreclosing on property pursuant to a deed of

13 trust is not "collection of a debt" within the meaning of the FDCPA. *See, e.g.*, *Izenberg v. ETS*

14 *Servs., LLC*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008) (citing *Ines v. Countrywide Home*

15 *Loans*, 2008 WL 4791863, at *2 (S.D. Cal. 2008)). As one district court explained,

16
17
18
> Foreclosing on a trust deed is distinct from the collection of the obligation to pay money. The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor. But, foreclosing on a trust deed is an entirely different path. Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property.

19 *Hulse v. Ocwen Fed. Bank*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002). Accordingly, because

20 Plaintiffs' claim arises from the foreclosure of their property, the Court **DISMISSES** their claim

21 under the FDCPA **with prejudice**.

22   **III.**     **Violations of Truth in Lending Act and Regulation Z**

23        Plaintiffs allege violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq.,

24 and Regulation Z, 12 C.F.R. § 226 et seq. Plaintiffs seek relief in the form of damages and

25 rescission. Defendants first assert that Plaintiffs' claims for both damages and rescission are barred

26 by TILA's statute of limitations.

27       *a.*     *Damages*

28        A claim for damages under TILA must be brought within one year of "the date of the

1   occurrence of the violation." *See* 15 U.S.C. § 1640(e). The one-year period commences when the

2   loan documents are signed, provided there is no undisclosed credit term or fraudulent concealment

3   that prevented discovery of the claim. *Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th

4   Cir. 2003). Plaintiffs first argue that the one-year statute of limitations does not apply under an

5   exception contained within the provision containing the statute of limitations. Specifically,

6   Plaintiffs point to language within the statute that permits a debtor to assert a TILA violation "in

7   an action to collect the debt . . . as a matter of defense by recoupment or set-off in such action,"

8   notwithstanding the one-year statute of limitations. 15 U.S.C. § 1640(e). Here, however, Plaintiff

9   affirmatively uses the recoupment exemption, rather than as a defense to a claim asserted by

10  Defendants. Thus, Plaintiffs' claim is without merit. In their SAC, Plaintiffs allege that they

11  entered into the first loan on March 29, 2005[4] and the second loan on July 11, 2006. (*SAC* at ¶¶ 19,

12  28.) However, Plaintiffs did not file their complaint until October 14, 2009, more than four years

13  after the origination of the first loan and more than three years after the origination of the second

14  loan. Thus, Plaintiffs' claims for damages are barred by TILA's one-year statute of limitations.

15          Plaintiffs next assert that the statute of limitations should be equitably tolled. In the typical

16  case, the statute of limitations begins to run from the date of the consummation of the transaction,

17  unless the doctrine of equitable tolling applies. *King v. State of Calif.*, 784 F.2d 910, 915 (9th Cir.

18  1986). Under the doctrine of equitable tolling, the limitations period may be suspended "until the

19  borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form

20  the basis of the TILA action." *Id.* Plaintiffs rely on their fraud allegations to argue that the statute

21  of limitations should be equitably tolled. Specifically, Plaintiffs state in their opposition that it was

22  not until Defendants started foreclosure proceedings in 2009 that they discovered that "Defendants

23  failed to provide material disclosures such as the non-disclosure of yield premiums, as well as a

24  failure to disclose the existence of securitization, financial incentives and credit default swaps in

25  meaningful and understandable ways." (*Pls.' Opp.* [Doc. No. 53] at 16:14–19.) Other than

26  conclusory allegations that Defendants acted fraudulently, however, Plaintiffs fail to demonstrate

27

28          [4]While the SAC indicates that the first loan originated on March 29, 2009, the deed of trust indicates that the first loan originated on March 29, 2005. (*SAC*, Ex. B.)

- 7 -

1   why they could not have discovered the alleged TILA violations earlier or how Defendants

2   prevented them from doing so. The Court finds nothing in the facts of this case that would have

3   prevented Plaintiffs from comparing the loan contracts, defendants' initial disclosures, and TILA's

4   statutory and regulatory requirements. Accordingly, the Court **DISMISSES** Plaintiffs' claims for

5   damages under TILA because they are barred by TILA's one-year statute of limitations.

6           *b.    Rescission*

7           The right to rescission under TILA expires "three years after the date of consummation of

8   the transaction or upon the sale of the property, whichever comes first." *See* 15 U.S.C. § 1635(f).

9   According to the Supreme Court, "section 1635(f) completely extinguishes the right of rescission

10  at the end of the 3-year period." *Beach v. Ocwen Federal Bank*, 523 U.S. 410, 412 (1998). As

11  already noted the first loan was entered into on March 29, 2005 and the second loan on July 11,

12  2006. Based on the filing of the complaint, Plaintiffs' claims for rescission of each loan are barred

13  by TILA's three-year statute of limitations.

14          In addition, the right of rescission was also terminated by the foreclosure sale of the

15  property, which occurred in September 2009. *See Distor v. U.S. Bank NA*, 2009 WL 3429700 *9

16  (N.D. Cal. 2009) (noting "because the property has been sold, plaintiffs' rescission claim must

17  necessarily fail, even though the sale was an involuntary foreclosure sale"); *see also Hallas v.*

18  *Ameriquest Mortg. Co.*, 406 F. Supp. 2d 1176, 1183 (D. Or. 2005) (stating that plaintiff's TILA

19  claims were time-barred because plaintiff failed to bring them before the foreclosure).

20          Finally, Plaintiffs again assert that the three-year statute of limitations should be equitably

21  tolled. Even if Plaintiffs had a legitimate basis to seek equitable tolling, the Ninth Circuit has held

22  that the statute of limitations on rescission actions is "absolute," and thus not subject to equitable

23  tolling. *King*, *supra*, 784 F.2d at 913. Therefore, Plaintiffs' claims for rescission under TILA

24  cannot be equitably tolled. Accordingly, the Court **DISMISSES** Plaintiffs' claims for damages and

25  rescission under TILA **with prejudice**.

26  **IV.    Violations of California Business and Professions Code § 17200 et seq.**

27          Plaintiffs next allege that Defendants engaged in unlawful, unfair, and fraudulent business

28  practices in violation of California's Unfair Competition Law, Cal. Bus. and Prof. Code § 17200 et

seq. ("UCL"). Defendants assert that Plaintiffs fail to state a claim under this statutory provision

California's UCL prohibits unlawful, unfair, and fraudulent business acts or practices. Cal. Bus. & Prof. Code § 17200 *et seq.*; *Wolfe v. State Farm Fire & Casualty Ins. Co.*, 46 Cal. App. 554, 558 (1996). The law is "sweeping, embracing anything that can properly be called a business practice and at the same time is forbidden by law." *Cel-Tech Communs., Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). The UCL "borrows violations of other laws and treats them as unlawful practices that the [UCL] makes independently actionable." *Id.*

Here, Plaintiffs identify various acts or practices that they contend constitute unfair competition, but they do not identify how these acts or practices violate the law, thus entitling them to relief under Cal. Bus. & Prof. Code § 17200 et seq. Outside of the vague "unfair practices" allegations, Plaintiffs identify the following statutes within their several causes of action under Section 17200: (1) Cal. Civ. Code § 2923.6 and (2) Cal. Bus. & Prof. Code § 17200.

As already noted, Plaintiff's claims under Cal. Civ. Code § 2923.6 are without merit because that statute does not provide for a private right of action. Accordingly, the Court **DISMISSES** Plaintiffs' California's UCL claim to the extent it is predicated on Cal. Civ. Code § 2923.6.

Plaintiffs also identify an alleged violation of Cal. Bus. & Prof. Code § 17500 as a predicate act for their UCL claim. This statute, however, relates to false advertising for the sale of property or services. *See Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1361 n.5 (2010). Courts have construed use of the term "advertising" in this statutory provision to mean "widespread promotional activities directed to the public at large." *Bank of the West v. Superior Court*, 2 Cal. 4th 1245, 1276–77 n.9 (1992). Here, Plaintiffs' allegations simply do not fall within the purview of this statutory provision. Thus, Plaintiffs' reliance on an alleged violation of this statute as a predicate act is without merit. Accordingly, the Court **DISMISSES** Plaintiff's UCL claim to the extent it is based on Section 17500.[5]

---

[5]Although it is not entirely clear if Plaintiffs intended to premise their Section 17200 claim on other statutes named in their SAC, the Court finds that those claims would be barred because the Court has determined that Plaintiffs fail to state claims for relief under all of the other provisions identified in the Complaint.

## V.      Violation of California Civil Code § 789.3

Plaintiffs next assert a cause of action under Cal. Civ. Code § 789.3 for acts Defendants allegedly took in attempting to evict Plaintiffs from the premises.

Section 789.3 prohibits a landlord from causing the interruption or termination of any utility service furnished to the tenant, or acting willfully to "(1) prevent the tenant from gaining reasonable access to the property by changing the locks or using a bootlock or by any other similar method or device; (2) remove outside doors or windows; or (3) remove from the premises the tenant's personal property, the furnishings, or any other items without the prior written consent of the tenant . . . ." Cal. Civ. Code § 789.3.

Here, Plaintiffs allege only that Defendants posted a "no trespassing" sign on the property. Based on the clear statutory language, Defendants alleged conduct does not fall within the ambit of Cal. Civ. Code § 789.3. Accordingly, the Court **DISMISSES** this claim.

## VI.     Violation of California Civil Code § 1940.2

Plaintiffs assert that Defendants' eviction efforts also violated California Civil Code § 1940.2, which makes it unlawful for a landlord to "use, or threaten to use, force, willful threats, or menacing conduct constituting a course of conduct that interferes with the tenant's quiet enjoyment of the premises . . . that would create an apprehension of harm to a reasonable person." This provision, however, exempts oral or written warning notices that were given in good faith.

Here, Plaintiffs allege that Defendants violated this provision by (1) visiting Plaintiffs and advising them to leave or be faced with legal action; (2) making repeated visits to the subject property and leaving business card reminders; and (3) posting a "no trespassing" sign on the property. (*SAC* at ¶ 275.) The key element of this provision requires that the activity create "an apprehension of harm to a reasonable person." Cal. Civ. Code § 1940.2. Here, these alleged activities do not fall within the sorts of activities contemplated by this statutory provision. Because it appears that Plaintiffs have alleged the entirety of the conduct that could potentially support this claim, the Court finds that amendment of this claim would be futile. Accordingly, the Court **DISMISSES** Plaintiffs' claim under Cal. Civ. Code § 1940.2.

///

## VII.    Fraud in the inducement

Plaintiffs assert that Defendants engaged in fraudulent activities to induce Plaintiffs into executing the loan agreements. Defendants contend that this claim must be dismissed because Plaintiffs' failed to plead their fraud claims with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

Rule 9(b) requires that "circumstances constituting fraud or mistake . . . be stated with particularity." Fed. R. Civ. P. 9(b). A plaintiff asserting fraud must allege facts supporting the following elements: (1) a misrepresentation, (2) knowledge of falsity (or scienter), (3) intent to defraud, i.e. to induce reliance, (4) justifiable reliance, and (5) resulting damage. *In re Estate of Young*, 160 Cal. App. 4th 62, 79 (2008) (quoting *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996)). In order to satisfy Rule 9(b)'s particularity requirement, a plaintiff must state "the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1393 (9th Cir. 1988). When a plaintiff alleges fraud against multiple defendants, he or she "must provide each and every defendant with enough information to enable them 'to know what misrepresentations are attributable to them and what fraudulent conduct they are charged with.'" *Pegasus Holdings v. Veterinary Centers of America, Inc.*, 38 F. Supp. 2d 1158, 1163 (C.D. Cal. 1998) (quoting *In re Worlds of Wonder Sec. Litig.*, 694 F. Supp. 1427, 1433 (N.D. Cal. 1998)). "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007) (internal quotations omitted).

As an initial matter, Plaintiffs base part of their fraud cause of action on allegations that Defendants gave Plaintiffs loans that they knew Plaintiffs could not afford. These allegations, however, are insufficient to support a fraud claim. *See, e.g.*, *Cross v. Downey Savings & Loan Ass'n*, 2009 U.S. Dist. LEXIS 17946 (C.D. Cal. Feb. 23, 2009) (dismissing similar claims on grounds that a lender has no duty to determine the borrower's ability to repay a loan). As to Plaintiffs' other allegations, Plaintiffs fail to identify which Defendants made material

misrepresentation. In Plaintiffs' eleventh cause of action, Plaintiffs allege only material misrepresentations by New Century or an unknown New Century agent, but do not otherwise identify any conduct by Defendants Carrington, Deutsche, or Atlantic & Pacific Foreclosure LLC. Nor do Plaintiffs identify fraudulent conduct against these Defendants in the body of their SAC.

In addition, Plaintiffs indicate that they intend to assert their thirteenth cause of action for fraud against Quicken and HSBC, but fail to differentiate which defendants committed which fraudulent acts and instead refer only to the Defendants in collective fashion. Upon review of the SAC, there are no allegations against HSBC contained within the body of Plaintiffs' SAC that support Plaintiffs' fraud claim against it, but it does appear that there are some allegations of fraudulent conduct against Defendant Quicken.

Plaintiffs contend that Quicken committed fraud because "under the securities and federal banking laws, rules and regulations, Borrower was entitled to information regarding all of the profits, payments, kickbacks, fees and insurance and credit default swaps related to the Loans and the investors providing the funds loaned to Borrower," and Quicken failed to disclose such information.  (*SAC* at ¶ 145.) In its motion to dismiss, Defendant Quicken asserts that these allegations are insufficient to support Plaintiffs' fraud claim because Quicken was under no legal duty to disclose such information. A fraud claim based on concealment exists only where the defendant failed to comply with a duty to disclose a particular fact to the injured party. *Marketing West, Inc. v. Sanyo Fisher (USA) Corp.*, 6 Cal. App. 4th 603, 612–13 (1992). A duty to disclose material facts arises where a confidential relationship exists or special circumstances require disclosure. *Cicone v. URS Corp.*, 183 Cal. App. 3d 194, 201 (1986).

Here, rather than identifying the laws, rules, or regulations that allegedly require Quicken to provide this information, Plaintiffs assert that the duty to disclose these facts arise out of "the confidential relationship that Quicken had with borrower." (*Pl.'s Opp.* [Doc. No. 57] at 12:3–25.) Plaintiffs' cited authority, however, does not provide legal support for this proposition. Nor can the Court find any. Furthermore, it is well-established that "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Savings & Loan*

1   *Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991) (citation omitted). Plaintiffs allege no facts that support

2   a finding that Defendants acted outside their role as a mere lender of money. Thus, the Court finds

3   Plaintiffs' allegations insufficient to support their fraud claim.

4        Finally, as a general matter, the Court notes that the complaint is severely lacking and fails

5   to satisfy the "who, what, when, where and how" requirements of Rule 9(b). There are simply no

6   factual allegations to support a legitimate fraud claim. Accordingly, the Court **DISMISSES**

7   Plaintiffs' fraud claims.

8   **VIII.    Breach of fiduciary duty**

9        Plaintiffs' fourteenth cause of action alleges that Defendants violated their fiduciary duty

10  by failing to disclose material terms. As already noted, financial institutions owe no duty of care to

11  a borrower when the financial institution acts only as a mere lender of money, and Plaintiff has not

12  alleged any facts to support their contention that Defendants acted outside this role. "Without a

13  fiduciary relationship, there can be no breach of fiduciary duty." *Tina v. Countrywide*, 2008 U.S.

14  Dist. LEXIS, at *11 (S.D. Cal. Oct. 30, 2008). Accordingly, the Court **DISMISSES** Plaintiffs'

15  claim for breach of fiduciary duty.

16  **IX.    Real Estate Settlement Procedures Act ("RESPA")**

17       In its motion to dismiss, Quicken moves to dismiss any claim for violations of RESPA to

18  the extent Plaintiffs attempt to assert them. There is no specific cause of action titled under

19  RESPA, however, Plaintiffs do allege within the body of the SAC that Quicken violated RESPA

20  when it failed to provide Borrower with a good faith estimate. (*See SAC* at ¶ 139.) Defendant

21  asserts that this claim should be dismissed because RESPA does not grant a private remedy for

22  failure to provide the required good faith estimate. (*Quicken Mot. to Dismiss* at 29:7–30:2.)

23  Plaintiff does not respond to Quicken's contention. Moreover, the Court agrees that there is no

24  private right of action under either  provision for Defendants' alleged failure to provide good faith

25  estimates.  *Collins v. FMHA-USDA*, 105 F.3d 1366, 1368 (11th Cir. 1997) ("There is no private

26  civil action for violation of 12 U.S.C. § 2604(c), or any regulation relating to it."); *Delino v.*

27  *Platinum Cmty. Bank*, 628 F. Supp. 2d 1226, 1232–33 (S.D. Cal. 2009) (same). Accordingly, the

28

- 13 -

1    Court **DISMISSES** Plaintiffs' claims under RESPA **with prejudice**.[6]

2    **X.      Declaratory relief pursuant to 28 U.S.C. § 2201**

3            Finally, Plaintiffs seek declaratory relief pursuant to 28 U.S.C. § 2201. Under 28 U.S.C. §

4    2201, "any court of the United States, upon the filing of an appropriate pleading, may declare the

5    rights and other legal relations of any interested party seeking such declaration, whether or not

6    further relief is or could be sought." Declaratory relief, however, may be unnecessary where an

7    adequate remedy exists under some other cause of action. *See Mangindin v. Wash. Mut. Bank*, 637

8    F. Supp. 2d 700, 707 (N.D. Cal. 2009). A claim for declaratory relief "rises or falls with [the] other

9    claims." *See Surf & Sand, LLC v. City of Capitola*, 2008 WL 2225684, at *2 n.5 (N.D. Cal. May

10   28, 2008). Here, Plaintiffs' request for declaratory relief appears to be redundant in the face of the

11   other causes of action, and it does not appear to be useful in clarifying the legal relations between

12   the parties. Because Plaintiffs have not alleged any causes of action that would support declaratory

13   relief, the Court **DISMISSES** this claim **with prejudice**.

14   **XI.     Leave to Amend**

15           In their numerous oppositions, Plaintiffs request leave to amend any claim the Court finds

16   to be deficient. Generally, leave to amend is denied only when it is clear the deficiencies of the

17   complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658

18   (9th Cir. 1992). The Court notes that this case was filed in the Fall of 2009. Prior to a change in

19   this Court's chambers rules, the Court required parties to meet and confer prior to a defendant

20   filing a motion to dismiss. As a result of this rule, the parties in this action engaged in extensive

21   collaborative efforts to avoid the instant motions to dismiss and Plaintiffs amended their complaint

22   two times. Despite the fact that Plaintiffs are on their third complaint, they have still been unable

23   to  state claims for relief on any of their causes of action. Other than simply making the request to

24   file a fourth complaint, Plaintiffs have not explained why leave to amend is warranted under such a

25   procedural backdrop. Moreover, the Court is confident that any further amendment of the

26   dismissed claims would be futile. Accordingly, to the extent the Court has not already so indicated,

27   _____

28           [6]Quicken also asserts that Plaintiffs included an allegation that Quicken violated RESPA by charging an improper yield spread premium. The cited paragraphs in Plaintiffs' SAC, however, make no reference to improper yield spread premiums.

1    the Court dismisses the claims **without leave to amend**.

2                                      C<small>ONCLUSION</small>

3        For the foregoing reasons, the Court **GRANTS** Defendants' motions to dismiss (Doc. Nos.

4    44, 49, 50) and **DISMISSES** Plaintiff's SAC **with prejudice**. The Court **DENIES** Plaintiffs'

5    motions to strike. (Doc. No. 54, 58.) The Clerk of Court shall terminate the case.

6        **IT IS SO ORDERED**.

7    DATED:  August 4, 2010

8

9                                  Hon. Michael M. Anello
                                   United States District Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28